FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 19 2025

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

Geoffrey Polk
7627 Lake St Ste 206 A34
River Forest, IL  60305
(312)929-3861
Email:  geoff@geoffreypolk.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### Central Division

| | |
|---|---|
| PRESIDENTIAL TITLE LLC, an Arkansas limited liability company, | ) ) ) |
| And | ) ) |
| Geoffrey Polk | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALAN MCCLAIN, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE ARKANSAS INSURANCE DEPT. | ) ) ) ) |
| Defendant. | ) ) ) |

C.A. No.: 4:25-cv-00839-KGB

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, Presidential Title LLC, by Counsel, and Geoffrey Polk ("Polk" or "Plaintiff"),

*pro se*, file this Complaint, and hereby allege as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the claims asserted herein pursuant

to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

2.      The Defendant is subject to the personal jurisdiction of this Court because they

are an officer of the state of Arkansas and thus resides in the state of Arkansas.

1

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this district.

## FACTUAL ALLEGATIONS

4.      Polk is an attorney, licensed and in good standing in forty-seven (47) states or jurisdictions, including Illinois, Indiana, Texas, Maryland, Florida, the District of Columbia, Wisconsin, North Carolina, North Dakota, Idaho, Georgia, Washington, South Dakota (currently inactive), Arkansas, Iowa, Nebraska, West Virginia, Michigan, Montana, Minnesota, Wyoming, Missouri, Vermont, Virginia, Pennsylvania, New Hampshire, Maine, Massachusetts, Colorado, New Mexico, New Jersey,  Alaska, Utah, Connecticut, South Carolina, Arizona, Oklahoma, Oregon (currently inactive), Ohio, Rhode Island, Kentucky, New York, Alabama, Louisiana (Limited License to practice pursuant to, Rules of Supreme Court of Louisiana, Rule XVII §14), the Virgin Islands, Kansas, and Hawaii.

5.      Polk holds an active resident Title Producer license in Florida, License No. G098349.

6.      Polk holds non-resident Title Producer licenses in Nebraska, the District of Columbia, Oklahoma, Kansas, Indiana, Wisconsin, North Dakota, West Virginia, Georgia, Maryland, Montana, Pennsylvania, Michigan, Virginia, Tennessee, New Jersey, South Carolina, Colorado, Ohio, North Carolina, Minnesota, Nevada, New Hampshire, Rhode Island, Maine and Vermont as well as Title Examination and Escrow licenses in Utah. Polk holds a non-resident Qualified Title Principal Agent license in Missouri.

7.      Polk is a legal resident of the state of Florida and is currently domiciled in Illinois.

8.      Polk is over 18 years of age, has over two thousand (2000) hours of prior title work experience, has passed numerous states title exams (and would take Arkansas's exam if he were

2

authorized to do so), and has been fingerprinted and background checked over forty (40) times in the past 2 years in connection with the above-mentioned licensure.

9.    Plaintiff Presidential Title LLC (hereafter "Presidential"), an Arkansas limited liability company, desires to obtain its Arkansas Resident Agency Title License under Ark. Code Ann. §23-64-102(1)(A) (hereafter "Company License").

10.    Presidential is a single member LLC, with Geoffrey Polk, sole member.

11.    On or about June 27, 2025, Polk, on behalf of Presidential, intended to apply for the Company License.

12.    On or about June 27, 2025, Defendant's agents informed Polk that Presidential could not be licensed because it lacked a Designated Responsible Licensed Producer ("DRLP")... A true and complete copy of an email exchange between Polk and Defendant's agents is attached hereto and marked as Exhibit A.

13.    Polk was previously advised by the Defendant that the is unable to be licensed as a non-resident title agent or DRLP because he is not "employed" by an "Arkansas Resident Agent".

14.    Ark. Code. Ann §23-64-506(b)(2) provides that a business entity have "designated a licensed producer responsible for the business entity's compliance with the insurance laws."

15.    Presidential desires to appoint Polk as its DRLP.

16.    Ark. Code Ann. § 23-103-402(11)(A) and 23 CAR §204-104 provide that an individual "license applicant" can either be a "resident of the State of Arkansas or a nonresident employed by a resident licensee."

17.    Put another way, Polk would not have to show "employment" as a requisite to obtain his individual license if he were a resident of Arkansas but is required to demonstrate the same simply because he is a non-resident.

3

18.    Conversely, Presidential is unable to obtain its license because it cannot designate Polk, a non-resident, as its DRLP.

19.    This creates a circular and insurmountable barrier: Polk, as a non-resident, cannot become licensed without employment by a resident agent, while Presidential cannot designate Polk as its DRLP unless he is licensed—thereby precluding both from licensure entirely, a circular licensing barrier that effectively precludes non-residents from operating in Arkansas.

20.    Further, Presidential is required to establish a physical office location within the State of Arkansas, as mandated by Ark. Code Ann. § 23-64-220(a)(1).

21.    Section 23-64-220(a)(1) of the Arkansas Code Annotated provides that "Every resident agent or resident broker shall have and maintain in this state, or in a city or town in another state through which passes the boundary of this state, a place of business accessible to the public."

22.    Currently, Presidential does have an office lease 900 SE 5th St., Suite 22, Bentonville, AR 72712.  The monthly rent is $250.00 per month.

23.    This office is not staffed, not used for any meaningful purpose, and exists solely to comply with Arkansas's statutory in-state office mandate.

24.    But for this legal requirement, Presidential would not maintain an office in Arkansas, as all operational, communications, and transactional functions are performed remotely or from its national headquarters.

25.    Presidential operates as a modern, technology-enabled title agency that services transactions across multiple states without the need for physical, staffed offices in each jurisdiction. Its business model emphasizes efficiency, remote document processing, encrypted communications, and secure cloud-based closing portals.

4

26.    Requiring Presidential to maintain a dedicated, physical, and physically staffed office in Arkansas—when its digital infrastructure already enables full-service delivery—is a direct restraint on its business model and creates an economic barrier to participation in Arkansas's title industry.

27.    The office requirement forces Presidential to divert operational resources away from innovation and customer service to lease, maintain, and pay for unused property that provides no functional benefit to the company or to consumers.

28.    Presidential does not serve walk-in customers at the Bentonville location and does not intend to conduct a closing at the Arkansas office. The location exists solely to satisfy Ark. Code Ann. § 23-64-220(a)(1) and thus the law imposes an economic penalty on out-of-state digital providers who cannot leverage the same geographic default benefits as Arkansas-based companies.

29.    This burden is particularly acute for companies headquartered outside Arkansas who must comply with duplicative regulatory regimes and redundant physical infrastructure in order to serve customers equally. The result is a two-tiered system where local companies operate freely under a familiar business model, while out-of-state competitors are punished for offering services in a more modern and cost-effective way.

30.    Further, Polk did not have, nor does he have, any intention to reside in Arkansas nor to maintain or staff the office of Presidential insofar as the "staffing" requirement means being physically present and not virtually present.

31.    Ark. Code Ann. § 23-103-402(11)(A) seems to require that Presidential be "authorized on behalf of a title insurer to issue a…title insurance policy" to obtain their license.

5

32.     However, Presidential is unable to obtain a valid appointment with an underwriter unless or until they receive their Company License from the state of Arkansas. A true and complete copy of a letter from Stewart Title is hereto and marked as Exhibit B.

33.     Alan McClain, Arkansas Insurance Commissioner, is charged with making determinations relating to the licensure of Arkansas Title producers and enforcing Ark. Code Ann. §23-64-102(1)(A), Ark. Code Ann. § 23-64-220(a)(1), Ark. Code Ann. § 23-103-402(11)(A), Ark. Code. Ann §23-64-506(b)(2) and 23 CAR §204-104 (hereafter "Arkansas Statutes").

34.     The Arkansas Statutes are mandatory in their terms and contain no waiver or hardship exception.

35.     Plaintiffs are ready, willing, and otherwise qualified to apply for and obtain title insurance agent licenses in Arkansas and would do so but for the unconstitutional and ultra vires office and employer requirements.

## CONSTITUTIONAL ALLEGATIONS

36.     Plaintiffs incorporate by reference all prior paragraphs of the Complaint herein.

37.     The Arkansas Statutes requirement that Polk, an individual and sole member of Presidential Title LLC, have a "physical office" in Arkansas, is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution.

38.     The Arkansas Statutes requirement that Polk, an individual, have an "employer" in order to obtain licensure while no such restriction exists for residents, is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution

6

39.    The Arkansas Statutes requirements that Polk, an individual, have a "physical office" in Arkansas or an "employer", are not "closely related to the advancement of a substantial state interest."

40.    To the extent the Arkansas Statutes require Polk to "physically staff" an office in Arkansas it is an unconstitutional discrimination against Polk.

41.    Title licensure is a "fundamental right" and a "common calling" of Polk.

42.    There is no evidence to indicate that "non-residents" are a "peculiar source of evil" or that the Arkansas Statutes requirements that an applicant have a "physical office" and employer in Arkansas is based on or directed at the same.

43.    The Arkansas Statutes requirement that Presidential, a single member limited liability company, have a "physical office" in Arkansas, is an unconstitutional discrimination against Presidential in violation of the Privileges and Immunities Clause of the United States Constitution.

44.    The Arkansas Statutes requirements that an individual applicant have a "physical office" or employer in Arkansas is an unconstitutional discrimination against Polk in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

45.    The Arkansas Statutes requirement that Presidential have a "physical office" in Arkansas is an unconstitutional discrimination against Presidential in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

46.    The Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, delegates to Congress the exclusive power to regulate interstate commerce. This power operates as a restraint on the legislative power of the states even when Congress has not expressly exercised that power, a doctrine known as the "dormant" Commerce Clause.

7

47.    Any law that discriminates against interstate commerce in purpose or effect is *per se* unconstitutional. Even non-discriminatory burdens on interstate commerce are unconstitutional where the burdens imposed on interstate commerce are excessive in relation to the putative local benefits.

48.    The Arkansas Statutes have a discriminatory effect on interstate commerce and out-of-state title agents wishing to do business in Arkansas. Arkansas residents may designate their home or first office as their definite place of business, while non-residents must incur additional costs to establish an in-state office to do business in the state.

49.    The Arkansas Statutes have an additional discriminatory effect: it requires non-residents to travel to their definite place of business in Arkansas to do business there, subjecting them to substantially higher costs and putting them on an unequal playing field.

50.    This discrimination serves no legitimate local purpose, and even if it did, those purposes could be served by nondiscriminatory means.

51.    These requirements also unduly burden interstate commerce. They impose significant burdens on non-resident Arkansas title agents, including paying for additional rent, utilities, maintenance, and travel. They force title agents to perform services in Arkansas even if they can be done more efficiently in another state.

52.    This gives residents a competitive advantage over non-residents and dissuades non-residents from doing business in the state.

53.    The burden on interstate commerce is not justified by any putative local benefit.

54.    The requirements bear no relationship to ensuring title agents are fit for the trade, to regulating the profession, to accessing records, or to otherwise protecting consumer welfare.

8

Instead, it serves only to protect residents from legitimate out-of-state competition and economic protectionism is not a constitutionally legitimate local benefit.

55.    The burdens imposed by the "physical office" requirement are excessive in relation to the local benefits.

56.    Plaintiffs have suffered and will continue to suffer substantial and irreparable harm unless Arkansas' "physical office" requirement is declared unlawful and enjoined by this Court.

57.    The Arkansas Statutes requirements that an individual applicant have a "physical office" or employer in Arkansas is an unconstitutional discrimination against Polk in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

58.    The Arkansas Statutes requirement that Presidential have a "physical office" in Arkansas is an unconstitutional discrimination against Presidential in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

## COUNT I:  DECLARATORY JUDGMENT

59.    Plaintiffs incorporate by reference all prior paragraphs of the Complaint herein.

60.    An actual controversy exists between Plaintiffs and Defendant as to the legality of the Arkansas Statutes.

61.    The parties have antagonistic claims involved which indicate imminent and inevitable litigation.

62.    Plaintiff asserts a legal right or policy that the Defendant adamantly challenges and denies.

9

63.     Polk requests from this Court a Declaratory Judgment declaring the Arkansas Statutes requirements that an individual applicant have a "physical office" or employer in Arkansas unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution, the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, and the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment.

64.     Presidential requests from this Court a Declaratory Judgment declaring Arkansas Statutes requirement that a title agent have a "physical office" in Arkansas unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution, Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, and the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment.

65.     Presidential requests from this Court a Declaratory Judgment declaring Arkansas Statutes requirement that a business entity title agent designate a DRLP as a condition precedent to licensure as unconstitutional discrimination against non-residents.

## COUNT II: INJUNCTIVE RELIEF

66.     Plaintiffs re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

67.     Plaintiffs incorporate by reference all prior paragraphs of the Complaint herein.

68.     Polk requests from this court injunctive relief ordering the Defendant to cease enforcing the Arkansas Statutes requirement that an individual applicant have a "physical office" or "employer" to obtain licensure in Arkansas in violation of the United States Constitution.

69.     Presidential requests from this court injunctive relief ordering the Defendant to cease enforcing the Arkansas Statutes requirement that a title agent have a "physical office" in Arkansas in violation of the United States Constitution.

70.     Presidential requests from this court injunctive relief ordering the Defendant to allow Presidential to designate Polk as its DRLP.

71.     Plaintiffs are being substantially and irreparably harmed by these actions.

## COUNT III: VIOLATION OF 42 U.S.C. §1983

72.     Plaintiffs incorporate by reference all prior paragraphs of the Complaint herein.

73.     By enforcing the Arkansas Statutes, Defendant, acting under color of state law, is depriving Plaintiffs of rights secured by the Constitution, including the Privileges and Immunities Clause, the Commerce Clause, and the Equal Protection Clause, in violation of 42 U.S.C. § 1983.

## COUNT IV: VIOLATION OF SHERMAN ANTITRUST ACT (15 U.S.C. §1)

74.     Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

75.     Arkansas's office requirement for title insurance producers, codified by the Arkansas Statutes, functions as a non-price geographic restraint that operates to limit competition among title insurance providers.

76.     The requirement prevents out-of-state firms—particularly remote or technology-enabled providers—from participating in the Arkansas market unless they incur unnecessary fixed costs, effectively protecting entrenched in-state incumbents from competitive entry.

77.     The restraint is not an inherent feature of the business, nor does it reflect a legitimate regulatory goal. Instead, it serves to allocate the Arkansas title market geographically and functionally excludes low-cost and non-traditional providers.

11

78.    The Arkansas Insurance Department does not actively supervise or narrowly tailor this restraint to ensure consumer protection. Rather, it enforces a rule that stifles entry and reinforces market concentration under the guise of licensure.

79.    The challenged restriction therefore constitutes a concerted anticompetitive restraint on trade in violation of the Sherman Act and is not entitled to state-action immunity.

## COUNT V: VIOLATION OF THE ARKANSAS ANTITRUST ACT (ARK. CODE ANN. §4-75-309)

80.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

81.    The Arkansas Statutes function as a non-price geographic restraint on trade that impairs competition and excludes qualified market participants from operating in Arkansas's title insurance industry.

82.    The in-state office requirement does not advance any legitimate public interest and instead serves to shield incumbent, locally headquartered title companies from out-of-state and technology-enabled competition.

83.    The restriction thereby constitutes a restraint of trade under Ark. Code Ann. § 4-75-309, and its enforcement violates the Arkansas Antitrust Act.

WHEREFORE, Plaintiffs pray to the end, therefore:

A.    THAT, this Honorable Court may pass a judgment against Defendant declaring the Arkansas Statutes requirement that an individual applicant or title agent have a "physical office" or "employer" in Arkansas is unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution.

B.    THAT, this Honorable Court may pass a judgment against Defendant declaring the Arkansas Statutes requirement that an individual applicant or title agent have a "physical office" or "employer" in Arkansas is unconstitutional and in violation of the Commerce Clause of the United States Constitution.

C.    THAT, this Honorable Court may pass a judgment against Defendant that the Arkansas Statutes requirement that an individual applicant or title agent have a

"physical office" or "employer" in Arkansas is unconstitutional and in violation of the Equal Protection Clause of the United States Constitution, as applied to the states through the 14th amendment;

D.    THAT, this Honorable Court declare and enjoin the enforcement of Arkansas Statutes insofar as it imposes an in-state office requirement that unreasonably restrains trade and restricts market entry in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

E.    THAT, this Honorable Court declare and enjoin the enforcement of the Arkansas Statutes, insofar as it imposes an in-state office requirement that unreasonably restrains trade and restricts market entry in violation of the Arkansas Antitrust Act, Ark. Code Ann. § 4-75-309;

F.    THAT, this Honorable Court declare that Presidential may designate Polk as its DRLP and anything else is inconsistent with the Arkansas Code Annotated.

G.    THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendant to refrain from enforcing the Arkansas Statutes;

H.    THAT, Plaintiff may have such other relief as the nature of this cause of action may require.

//Geoffrey Polk
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Ph: 312-929-3861
Email : Geoff@geoffreypolk.com

13

EXHIBIT A

 Gmail                                    Geoffrey Polk <geoff@presidentialtitlegroup.com>

## Title Agent License
46 messages

**Geoffrey Polk** <geoff@presidentialtitlegroup.com>                    Thu, Aug 29, 2024 at 5:10 AM
To: insurance.license@arkansas.gov

Hi

I'd like to obtain my Individual Producer-Title license.  Can you please provide the application and process?

I attempted to apply online using NIPR and it did not bring up an applicable license in my option set.

My NPN number is 16258575 and my home state is Florida (license #G098349).

Thanks!
Geof

Geoffrey Polk, President
Presidential Title
Ph: 312-929-3861
Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL  60305
Email:  geoff@presidentialtitlegroup.com
Website:  www.presidentialtitlegroup.com



**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473
WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE
ACCEPTED**

**Geoffrey Polk** <geoff@presidentialtitlegroup.com>                    Mon, Sep 2, 2024 at 3:21 PM
To: insurance.license@arkansas.gov

Hi

Hope you're having a nice weekend.

Are you able to help?
Geoff

Geoffrey Polk, President
Presidential Title
Ph: 312-929-3861
Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL  60305
Email:  geoff@presidentialtitlegroup.com
Website:  www.presidentialtitlegroup.com



**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473
WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE
ACCEPTED**

8/5/25, 1:22 PM                                    Presidential Title Mail - Title Agent License

[Quoted text hidden]

---

**Brandon Looney** <Brandon.Looney@arkansas.gov>                    Wed, Sep 4, 2024 at 3:00 PM
To: Geoffrey Polk <geoff@presidentialtitlegroup.com>, "Insurance.License" <Insurance.License@arkansas.gov>

Are you employed by a resident Arkansas title agency?

**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Monday, September 2, 2024 3:21 PM
**To:** Insurance.License <insurance.license@arkansas.gov>
**Subject:** Re: Title Agent License

Some people who received this message don't often get email from geoff@presidentialtitlegroup.com. Learn why this is important

Hi

Hope you're having a nice weekend.

Are you able to help?

Geoff

_____

Geoffrey Polk, President

Presidential Title

Ph: 312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL  60305

Email:  geoff@presidentialtitlegroup.com

Website:  www.presidentialtitlegroup.com



**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473**

**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE
ACCEPTED**

_____

On Thu, Aug 29, 2024 at 5:10 AM Geoffrey Polk <geoff@presidentialtitlegroup.com> wrote:

Hi

I'd like to obtain my Individual Producer-Title license. Can you please provide the application and process?

I attempted to apply online using NIPR and it did not bring up an applicable license in my option set.

My NPN number is 16258575 and my home state is Florida (license #G098349).

Thanks!

Geof

---

Geoffrey Polk, President

Presidential Title

Ph: 312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL 60305

Email: geoff@presidentialtitlegroup.com

Website: www.presidentialtitlegroup.com


Presidential Title

[Quoted text hidden]

---

**Geoffrey Polk** <geoff@presidentialtitlegroup.com>                      Wed, Sep 4, 2024 at 3:02 PM
To: Brandon Looney <Brandon.Looney@arkansas.gov>
Cc: "Insurance.License" <Insurance.License@arkansas.gov>

HI Brandon

Our company is not yet licensed in AR; I understand there is a brick and mortar office requirement.

However, how does that relate to the individual non-resident license? Is that a req? If so, can you please send me the statute?

And, please confirm once our company is a domestic licensed title company I will be granted a non-resident individual license.

Thank you,
Geoff

---

Geoffrey Polk, President
Presidential Title
Ph: 312-929-3861
Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL 60305
Email: geoff@presidentialtitlegroup.com
Website: www.presidentialtitlegroup.com


Presidential Title

**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473 WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

---

[Quoted text hidden]

---

**Brandon Looney** <Brandon.Looney@arkansas.gov>                    Thu, Sep 5, 2024 at 11:39 AM
To: Geoffrey Polk <geoff@presidentialtitlegroup.com>, "Insurance.License" <Insurance.License@arkansas.gov>

If you hold a resident Title license in Florida, you will need to complete the attached application and affidavits of both prior title work experience and employment by a resident title agency in Arkansas.  This packet will then need to be mailed to us at the address listed below.  You will also have to take the Arkansas Title exam.

Arkansas Insurance Department

Licensing Division

1 Commerce Way

Little Rock, AR 72202

Thank you,

Brandon Looney

**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Thursday, August 29, 2024 5:11 AM
**To:** Insurance.License <insurance.license@arkansas.gov>
**Subject:** Title Agent License

Some people who received this message don't often get email from geoff@presidentialtitlegroup.com. Learn why this is important

Hi

I'd like to obtain my Individual Producer-Title license.  Can you please provide the application and process?

I attempted to apply online using NIPR and it did not bring up an applicable license in my option set.

My NPN number is 16258575 and my home state is Florida (license #G098349).

Thanks!

Geof

Geoffrey Polk, President

Presidential Title

Ph: 312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL  60305

Email: geoff@presidentialtitlegroup.com

Website: www.presidentialtitlegroup.com



[Quoted text hidden]

---

**2 attachments**

 **title_agent_affidavit-work_2020.pdf**
22K

 **TITLE_AGENT.doc**
286K

---

**Geoffrey Polk** <geoff@presidentialtitlegroup.com>                 Thu, Sep 5, 2024 at 11:58 AM
To: Brandon Looney <Brandon.Looney@arkansas.gov>
Cc: "Insurance.License" <Insurance.License@arkansas.gov>

Received, thanks!

---

Geoffrey Polk, President
Presidential Title
Ph: 312-929-3861
Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL  60305
Email: geoff@presidentialtitlegroup.com
Website: www.presidentialtitlegroup.com



**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473
WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE
ACCEPTED**

---

[Quoted text hidden]

---

**Brandon Looney** <Brandon.Looney@arkansas.gov>                 Thu, Sep 5, 2024 at 2:34 PM
To: Geoffrey Polk <geoff@presidentialtitlegroup.com>
Cc: "Insurance.License" <Insurance.License@arkansas.gov>

Per Rule 87 regarding Title

(2)    The applicant must be a resident of the State of Arkansas or a nonresident employed by a resident licensee.

    (a)    A "resident title insurance agent" is an agent whose residence is in or who may vote in this state or who is licensed as a resident insurance producer by the Commissioner in accordance with §§ 23-64-501, *et seq.*

    (b)    Residency by a title insurance agency must be demonstrated by a place of business accessible to the public wherein the licensee principally conducts transactions.

    (c)    A nonresident individual may be eligible for licensure if he/she is employed by a resident title insurance agency and meets the other eligibility requirements of this Section.

I've attached the entire rule for your convenience.

Thank you,

Brandon Looney

**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Wednesday, September 4, 2024 3:02 PM
**To:** Brandon Looney <Brandon.Looney@arkansas.gov>
**Cc:** Insurance.License <Insurance.License@arkansas.gov>
**Subject:** Re: Title Agent License

You don't often get email from geoff@presidentialtitlegroup.com. Learn why this is important

HI Brandon

Our company is not yet licensed in AR; I understand there is a brick and mortar office requirement.

However, how does that relate to the individual non-resident license?  Is that a req?  If so, can you please send me the statute?

And, please confirm once our company is a domestic licensed title company I will be granted a non-resident individual license.

Thank you,

Geoff

Geoffrey Polk, President

Presidential Title

Ph: 312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL 60305

Email: geoff@presidentialtitlegroup.com

Website: www.presidentialtitlegroup.com



[Quoted text hidden]


[Quoted text hidden]

📄 **rule_87.pdf**
173K

---

**Geoffrey Polk** <geoff@presidentialtitlegroup.com>                    Thu, Sep 5, 2024 at 2:35 PM
To: Brandon Looney <Brandon.Looney@arkansas.gov>

Thanks for the quick response.
[Quoted text hidden]

---

**6 attachments**

**image001.png**
50K

 **image002.png**
37K

 **image002.png**
37K

 **image002.png**
37K

 **image002.png**
37K

(i)  The applicant must be a resident of the State of Arkansas or a non-resident
     eligible under reciprocal licensing

     (ii)  In order for the company agent license application to be received, a resident
           agent in that state must be named as a resident insurance producer
           by the licensed insurance company with an active RLP license

     (b)  Applicant has a title insurance agency must be determined by a place of
          business in the state or business in that state, appropriately named a
          resident.

     (c)  A non-resident individual may no eligible for coverage of license is
          employed by a resident title insurance agency and meets the other
          eligibility requirements of this Section

**image001.png**
**50K**

---

Geoffrey Polk <geoff@presidentialtitlegroup.com>                    Fri, Jun 27, 2025 at 12:50 PM
To: Brandon Looney <Brandon.Looney@arkansas.gov>

HI Brandon

I sent you another email this week as I didn't see this chain.

I'm attempting to obtain my Arkansas Resident Agency Title License for our company, Presidential Title LLC.

NIPR requires a DRLP in order to submit.

Per your email, you won't license me without being employed by a licensed title agency.

Do you see the catch here?  I need the company license, so that I can be employed, but your application appears to block me from getting the company license without a DRLP.

I'm licensed currently in 30+ states for title.  So, please advise how we can resolve this so I can get both licenses up and running ASAP?

Geoff

---

Geoffrey Polk, President
Presidential Title
Mailing Address:  7627 Lake St. Ste 206 A34, River Forest, IL  60305
Email:  geoff@presidentialtitlegroup.com
Website:  www.presidentialtitlegroup.com



**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL STEPHANIE RADKE AT 708-930-4573 OR LORI KEENEY AT 773-765-7478 FOR OLD NATIONAL BANK WIRING INSTRUCTIONS.  FOR FIRST AMERICAN TRUST, FSB CALL DIRECTLY AT 877-600-9473.**
**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

---

[Quoted text hidden]

---

Brandon Looney <Brandon.Looney@arkansas.gov>                    Fri, Jun 27, 2025 at 2:29 PM
To: Geoffrey Polk <geoff@presidentialtitlegroup.com>

That is a catch, but unfortunately, there's not a workaround.

Thank you,

Brandon Looney

**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Friday, June 27, 2025 12:51 PM
**To:** Brandon Looney <Brandon.Looney@arkansas.gov>
**Subject:** Re: Title Agent License

HI Brandon

I sent you another email this week as I didn't see this chain.

I'm attempting to obtain my Arkansas Resident Agency Title License for our company, Presidential Title LLC.

NIPR requires a DRLP in order to submit.

Per your email, you won't license me without being employed by a licensed title agency.

Do you see the catch here?  I need the company license, so that I can be employed, but your application appears to block me from getting the company license without a DRLP.

I'm licensed currently in 30+ states for title.  So, please advise how we can resolve this so I can get both licenses up and running ASAP?


Geoff

_____

Geoffrey Polk, President

Presidential Title

Mailing Address:  7627 Lake St. Ste 206 A34, River Forest, IL  60305

Email:  geoff@presidentialtitlegroup.com

Website:  www.presidentialtitlegroup.com

 Presidential Title


**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL STEPHANIE RADKE AT 708-930-4573 OR LORI KEENEY AT 773-765-7478 FOR OLD NATIONAL BANK WIRING INSTRUCTIONS.  FOR FIRST AMERICAN TRUST, FSB CALL DIRECTLY AT 877-600-9473.**

**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

_____

On Thu, Sep 5, 2024 at 2:35 PM Geoffrey Polk <geoff@presidentialtitlegroup.com> wrote:

Thanks for the quick response.


On Thu, Sep 5, 2024, 3:34 PM Brandon Looney <Brandon.Looney@arkansas.gov> wrote:

Per Rule 87 regarding Title



I've attached the entire rule for your convenience.


Thank you,

Brandon Looney



**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Wednesday, September 4, 2024 3:02 PM
**To:** Brandon Looney <Brandon.Looney@arkansas.gov>
**Cc:** Insurance.License <Insurance.License@arkansas.gov>
**Subject:** Re: Title Agent License


 You don't often get email from geoff@presidentialtitlegroup.com. Learn why this is important

HI Brandon


Our company is not yet licensed in AR; I understand there is a brick and mortar office requirement.


However, how does that relate to the individual non-resident license?  Is that a req?  If so, can you please send me the statute?


And, please confirm once our company is a domestic licensed title company I will be granted a non-resident individual license.


Thank you,

Geoff

_____

Geoffrey Polk, President

Presidential Title

Ph:  312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL 60305

Email: geoff@presidentialtitlegroup.com

Website: www.presidentialtitlegroup.com


**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473**

**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

---

On Wed, Sep 4, 2024 at 4:00 PM Brandon Looney <Brandon.Looney@arkansas.gov> wrote:

Are you employed by a resident Arkansas title agency?


**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Monday, September 2, 2024 3:21 PM
**To:** Insurance.License <insurance.license@arkansas.gov>
**Subject:** Re: Title Agent License


Some people who received this message don't often get email from geoff@presidentialtitlegroup.com. Learn why this is important

Hi


Hope you're having a nice weekend.


Are you able to help?

Geoff

---

Geoffrey Polk, President

Presidential Title

Ph: 312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL 60305

Email: geoff@presidentialtitlegroup.com

Website: www.presidentialtitlegroup.com


**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473**

**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

On Thu, Aug 29, 2024 at 5:10 AM Geoffrey Polk <geoff@presidentialtitlegroup.com> wrote:

Hi

I'd like to obtain my Individual Producer-Title license.  Can you please provide the application and process?

I attempted to apply online using NIPR and it did not bring up an applicable license in my option set.

My NPN number is 16258575 and my home state is Florida (license #G098349).

Thanks!

Geof

Geoffrey Polk, President

Presidential Title

Ph: 312-929-3861

Mailing Address: 7627 Lake St. Ste 206 A34, River Forest, IL 60305

Email: geoff@presidentialtitlegroup.com

Website: www.presidentialtitlegroup.com

**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL FIRST AMERICAN TRUST, FSB DIRECTLY AT 877-600-9473**

**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

---

**Geoffrey Polk** <geoff@presidentialtitlegroup.com>                              Fri, Jun 27, 2025 at 2:36 PM
To: Brandon Looney <Brandon.Looney@arkansas.gov>

Hi Brandon

Unfortunately, the policies in question constitute an unconstitutional restriction on my right to practice my profession.

Please share the attached with the Director and your legal team. As you can see, I have already secured favorable rulings in similar challenges in Oregon and Alaska, where comparable licensing requirements were struck down.

If there is no clear path to obtain one or both licenses by next week, I will move forward with a lawsuit to challenge these regulations. That said, I would welcome a conversation with your attorneys; I'm confident we can resolve this amicably

without additional federal litigation.

Thank you, and have a nice weekend,
Geoff

Geoffrey Polk, President
Presidential Title
Mailing Address:  7627 Lake St. Ste 206 A34, River Forest, IL  60305
Email:  geoff@presidentialtitlegroup.com
Website:  www.presidentialtitlegroup.com

 Presidential
Title

**NOTE:  TO CONFIRM WIRING INSTRUCTIONS, CALL STEPHANIE RADKE AT 708-930-4573 OR LORI KEENEY AT 773-765-7478 FOR OLD NATIONAL BANK WIRING INSTRUCTIONS.  FOR FIRST AMERICAN TRUST, FSB CALL DIRECTLY AT 877-600-9473.**
**WE REQUIRE ALL FUNDS TO BE WIRED IN CONNECTION WITH ANY CLOSING; CHECKS WILL NOT BE ACCEPTED**

[Quoted text hidden]

**2 attachments**

📄 **2025-05-07 Final Order-Oregon.pdf**
155K

📄 **2025-04-28 Alaska Judgment and Order.pdf**
42K

---

**Brandon Looney** <Brandon.Looney@arkansas.gov>                    Fri, Jun 27, 2025 at 3:07 PM
To: Geoffrey Polk <geoff@presidentialtitlegroup.com>

I've forwarded it to legal counsel.

**From:** Geoffrey Polk <geoff@presidentialtitlegroup.com>
**Sent:** Friday, June 27, 2025 2:36 PM
**To:** Brandon Looney <Brandon.Looney@arkansas.gov>
**Subject:** Re: Title Agent License

Hi Brandon

Unfortunately, the policies in question constitute an unconstitutional restriction on my right to practice my profession.

Please share the attached with the Director and your legal team. As you can see, I have already secured favorable rulings in similar challenges in Oregon and Alaska, where comparable licensing requirements were struck down.

If there is no clear path to obtain one or both licenses by next week, I will move forward with a lawsuit to challenge these regulations. That said, I would welcome a conversation with your attorneys; I'm confident we can resolve this amicably without additional federal litigation.

Thank you, and have a nice weekend,
Geoff

EXHIBIT B



August 6, 2025

Presidential Title Group

7627 Lake St., Suite 206 A34

River Forest, IL 60305

ATTN: Geoffrey Polk

RE: Appointment in Arkansas

Dear Mr. Polk:

I wanted to acknowledge your request for an appointment by Stewart Title Guaranty in Arkansas. In order for us to complete the appointment, we will need you to obtain your AR license as dictated by the Arkansas Department of Insurance. Some of the requirements are summarized below, but more detail can be found at the following link:

https://insurance.arkansas.gov/

- **Minimum age (18+), pre-licensing education, title exam, fingerprint/background check, application, and fees**

- **Bonds or E&O insurance are usually required.**

- **Must have license signature authority visible at public location if active agent**

- **Continuing education required to renew.**

Since we have you licensed in so many states already, I'm confident you can meet the necessary requirements. Once you have obtained your license, please reach out and we can complete the appointment. Should you have questions, please don't hesitate to contact myself or my team.

Regards,

Scott Gillen

Sr. Vice President, National Agency

Stewart Title Guaranty