IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PRESIDENTIAL TITLE, an Arkansas limited liability company
GEOFFREY POLK                                                                                       PLAINTIFFS

v.                              CASE NO. 4:25-cv-00839-KGB

ALAN MCCLAIN, in his official capacity as Commissioner
for the Arkansas Insurance Department                                                     DEFENDANT

## AMENDED ANSWER[1]

Comes now Defendant Jimmy Harris in his official capacity as Commissioner for the Arkansas Insurance Department ("Commissioner"), by and through his attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Sharnae Diggs, and for his Amended Answer to Plaintiffs' Complaint, states:

1.      Commissioner denies each and every material factual allegation of the Complaint (DE001), except to the extent specifically admitted herein.

2.      The allegations contained in paragraph 1 of Plaintiffs' Complaint are preliminary jurisdictional statements that do not require a response. To the extent paragraph 4 of Plaintiffs' Complaint does contain factual allegations against Commissioner, they are denied.

3.      Commissioner admits that he is an officer of the state. Commissioner denies any and all remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

4.      Commissioner admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

---

[1] Please allow this footnote to serve as notice to the Court, Plaintiffs, and any interested parties that Alan McClain is no longer the Arkansas Insurance Department Commissioner. Jimmy Harris is the department's new commissioner and pursuant to Federal Rules of Civil Procedure, Rule 15(a)(1), Defendant has filed this Amended Answer once as a matter of course within the requisite timeframe. The case caption remains unchanged to be consistent with the Court's named parties.

5.  Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Plaintiffs' Complaint, and therefore, they are denied.

6.  Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore, they are denied.

7.  Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Plaintiffs' Complaint, and therefore, they are denied.

8.  Commissioner is without knowledge or information sufficient to form a belief as to the residency of Plaintiff Polk and therefore, denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

9.  Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of Plaintiffs' Complaint, and therefore, they are denied.

10. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of Plaintiffs' Complaint, and therefore, they are denied.

11. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Complaint, and therefore, they are denied.

12. Commissioner denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

13. Commissioner admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

14. Commissioner denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

15. Commissioner admits the allegations contained in paragraph 14 of Plaintiffs' Complaint to the extent that provides is synonymous with "states" in the context of the referenced statute as the quoted language is included in the referenced statute.

16. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Complaint, and therefore, they are denied.

17. Commissioner admits the allegations in paragraph 16 of Plaintiffs' Complaint to the extent that 23 CAR §204-104 includes the words "license applicant" and allows for the two options presented within the quoted language. Commissioner denies any and all remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

18. Commissioner denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

19. Commissioner denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

20. Commissioner denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

21. Commissioner denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

22. Commissioner admits the allegations contained in paragraph 21 of Plaintiffs' Complaint to the extent that the word provides is synonymous with "states" in the context of the referenced statute.

23. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of Plaintiffs' Complaint, and therefore, they are denied.

24. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of Plaintiffs' Complaint, and therefore, they are denied.

25. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of Plaintiffs' Complaint, and therefore, they are denied.

26. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of Plaintiffs' Complaint, and therefore, they are denied.

27. Commissioner denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

28. Commissioner denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

29. Commissioner denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

30. Commissioner denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

31. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of Plaintiffs' Complaint, and therefore, they are denied.

32. Commissioner denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

33. Commissioner is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 of Plaintiffs' Complaint, and therefore, they are denied.

34. Commissioner denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

35. Commissioner denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

36. Commissioner denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

37. In response to paragraph 36, Commissioner incorporates his responses in paragraphs 1 through 36 above.

38. Commissioner denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

39. Commissioner denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

40. Commissioner denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

41. Commissioner denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

42. Commissioner denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

43. Commissioner denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

44. Commissioner denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

45. Commissioner denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

46. Commissioner denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

47. Paragraph 46 of Plaintiffs' Complaint does not contain allegations that require a response. Commissioner objects to statements and conclusions of law in this paragraph to the extent inconsistent with what is allowable by the United States Constitution. To the extent that a response is required, Commissioner denies the allegations as characterized in paragraph 46 of Plaintiffs' Complaint.

48. Commissioner denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

49. Commissioner denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

50. Commissioner denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

51. Commissioner denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

52. Commissioner denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

53. Commissioner denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

54. Commissioner denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

55. Commissioner denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

56. Commissioner denies the allegations contained in paragraph 55 of Plaintiffs' Complaint.

57. Commissioner denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

58. Commissioner denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

59. Commissioner denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

60. In response to paragraph 59 of Plaintiffs' Complaint, Commissioner incorporates his responses in paragraphs 1 through 58 above.

61. Commissioner denies as characterized the allegations contained in paragraph 60 of Plaintiffs' Complaint.

62. Commissioner denies as characterized the allegations contained in paragraph 61 of Plaintiffs' Complaint.

63. Commissioner denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

64. Commissioner denies that Plaintiffs are entitled to a Declaratory Judgment as well as any relief claimed in paragraph 63 of Plaintiffs' Complaint.

65. Commissioner denies that Plaintiffs are entitled to a Declaratory Judgment as well as any relief claimed in paragraph 64 of Plaintiffs' Complaint.

66. Commissioner denies that Plaintiffs are entitled to a Declaratory Judgment as well as any relief claimed in paragraph 65 of Plaintiffs' Complaint.

67. In response to paragraph 66 of Plaintiffs' Complaint, Commissioner incorporates his responses in paragraphs 1 through 65 above.

68. In response to paragraph 67 of Plaintiffs' Complaint, Commissioner incorporates his responses in paragraphs 1 through 66 above.

69. Commissioner denies that Plaintiffs are entitled to Injunctive Relief as well as any relief claimed in paragraph 68 of Plaintiffs' Complaint.

70. Commissioner denies that Plaintiffs are entitled to Injunctive Relief as well as any relief claimed in paragraph 69 of Plaintiffs' Complaint.

71. Commissioner denies that Plaintiffs are entitled to Injunctive Relief as well as any relief claimed in paragraph 70 of Plaintiffs' Complaint.

72. Commissioner denies the allegations contained in paragraph 71 of Plaintiffs' Complaint.

73. In response to paragraph 72 of Plaintiffs' Complaint, Commissioner incorporates his responses in paragraphs 1 through 71 above.

74. Commissioner denies the allegations contained in paragraph 73 of Plaintiffs' Complaint.

75. In response to paragraph 74 of Plaintiffs' Complaint, Commissioner incorporates his responses in paragraphs 1 through 73 above.

76. Commissioner denies the allegations contained in paragraph 75 of Plaintiffs' Complaint.

77. Commissioner denies the allegations contained in paragraph 76 of Plaintiffs' Complaint.

78. Commissioner denies the allegations contained in paragraph 77 of Plaintiffs' Complaint.

79. Commissioner denies the allegations contained in paragraph 78 of Plaintiffs' Complaint.

80. Commissioner denies the allegations contained in paragraph 79 of Plaintiffs' Complaint.

81. In response to paragraph 80 of Plaintiffs' Complaint, Commissioner incorporates his responses in paragraphs 1 through 79 above.

82. Commissioner denies the allegations contained in paragraph 81 of Plaintiffs' Complaint.

83. Commissioner denies the allegations contained in paragraph 82 of Plaintiffs' Complaint.

84. Commissioner denies the allegations contained in paragraph 83 of Plaintiffs' Complaint.

85. Commissioner denies all allegations contained in Plaintiffs' "WHEREFORE" paragraph and that Plaintiffs are entitled to any relief requested.

86. Commissioner states that Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

87. Plaintiffs' Complaint does not appear to request a jury demand, thus a response addressing such a request is not required. However, to the extent that any of Plaintiffs' pleadings or filings contain allegations or objective manifestations of which require a response related to such a request, they are denied.

**AFFIRMATIVE DEFENSES**

88. Affirmatively pleading, Plaintiff has failed to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

89. Affirmatively pleading, Commissioner is entitled to sovereign immunity against all monetary damages in his official capacity.

90. Affirmatively pleading, Commissioner is entitled to qualified immunity.

91. Affirmatively pleading, *respondeat superior* theory is not a proper basis for liability in a 42 U.S.C. § 1983 claim against Commissioner.

92. Affirmatively pleading, Plaintiffs' claims for injunctive relief are moot.

93. Plaintiffs will be unable to meet the Dataphase standard for injunctive relief.

94. Affirmatively pleading, Commissioner asserts that some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

95. Affirmatively pleading, Commissioner asserts Plaintiffs lack standing.

96. Commissioner affirmatively pleads failure to join an indispensable party.

97. Affirmatively pleading, Commissioner asserts that some or all of Plaintiffs' claims may be barred by the doctrines of *res judicata* and collateral estoppel, to the extent any claims have been previously litigated.

98. Commissioner states that he acted at all times in good faith and in the belief that his conduct complied with the law.

99. Commissioner asserts that Plaintiffs have not been deprived of any right or interest protected by the United States Constitution, the Arkansas Constitution, federal or state statutes, or common law.

100. Commissioner in his "official" capacity is not a person amendable to suit.

101.  Commissioner asserts that Plaintiffs' Complaint fails to state facts upon which attorney's fees or costs can be awarded.

102.  Commissioner asserts that any award of attorney's fees or costs are barred by sovereign immunity, statutory immunity, and/or qualified immunity.

103.  Affirmatively pleading, Commissioner reserves the right to amend this Answer and to plead further pending appropriate investigation and discovery.

WHEREFORE, Defendant Jimmy Harris, in his Official Capacity as Commissioner of the Arkansas Insurance Department, respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: *Sharnae Diggs*

Sharnae Diggs
Ark Bar No. 2018130
Senior Assistant Attorney General
Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1325
Fax: (501) 682-2591
Email: sharnae.diggs@arkansasag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I, Sharnae Diggs, hereby certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings.

_____
Sharnae Diggs