**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PRESIDENTIAL TITLE, LLC, an Arkansas**
**limited liability company *et al*.**                                    **PLAINTIFFS**

**v.**                            **Case No. 4:25-cv-00839 KGB**

**JIMMY HARRIS, in his official capacity**
**as Commissioner of the Arkansas Insurance**
**Department**                                              **DEFENDANT**

**ORDER**

Before the Court are Plaintiffs Presidential Title, LLC and Geoffrey Polk (collectively "Plaintiffs") motion for summary judgment and motion to dismiss without prejudice claims related to the physical office requirement (Dkt. Nos. 37; 38).  Also before the Court is Plaintiffs' motion for ruling on Plaintiffs' motion for summary judgment (Dkt. No. 43). The Court has under advisement Plaintiffs' pending motions.

In count one, Plaintiffs seek a declaratory judgment "declaring Arkansas Statutes['] requirement that a title agent have a 'physical office' in Arkansas unconstitutional and in violation of the Privileges and Immunities Clause of the United States Constitution, Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, and the Equal Protection Clause of the United States Constitution," as applied to the state by the Fourteenth Amendment (Dkt. No. 1, ¶¶ 63, 64). In count two, Plaintiffs seek injunctive relief "ordering Defendant to cease enforcing the Arkansas Statutes['] requirement that an individual applicant have a 'physical office' or 'employer' to obtain licensure in Arkansas in violation of the United States Constitution." (*Id.*, ¶¶ 68, 69).  In count three, Plaintiffs allege a violation of 42 U.S.C. § 1983 (*Id.*, ¶¶ 72-73).  In count four, Plaintiffs allege a violation of the Sherman Antitrust Act, 15 U.S.C. § 1 (*Id.*, ¶¶ 74-79).  In count five,

Plaintiffs allege a violation of the Arkansas Antitrust Act, Arkansas Code Annotated § 4-75-309 (*Id.*, ¶¶ 80-83).

The pending motions before the Court address counts one, two, and three (Dkt. Nos. 37; 38). The pending motions before the Court do not address Plaintiffs' claims in counts four and five. In the light of the pending motions, the Court directs Plaintiffs to inform the Court within 14 days of the entry of this Order of how they intend to proceed regarding their claims in counts four and five.

It is so ordered this 6th day of August, 2026.

Kristine G. Baker
Chief United States District Judge